UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

| | |
|---|---|
| MICHELLE GEORGE,<br><br>　　　Plaintiff,<br><br>v.<br><br>GALLANT LAW GROUP, P.C.,<br><br>　　　Defendant. | Case No. 4:25-cv-11399-FKB-DRG<br><br>F. Kay Behm<br><br>U.S. District Judge |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**
<u>**AGAINST GALLANT LAW GROUP, P.C.**</u>

　　　This matter coming before the Court on the Plaintiff's Motion for Default Judgment (ECF Nos. 8, 9). against Gallant Law Group, P.C., the court having reviewed the same and being advised in the premises, finds as follows:

　　　1.　　Plaintiff initiated this action on May 13, 2025 seeking redress from Defendant for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679, the Michigan Credit Services Protection Act ("MCSPA"), Mich. Comp. Laws § 455.1821 *et seq*, the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq*, breach of contract, and breach of fiduciary duty.  (ECF No. 1).

2. Plaintiff was personally served the summons and complaint on May 30, 2024. (ECF No. 5).

3. The deadline to respond to the complaint for Defendant Gallant Law Group, P.C. was June 20, 2025. Defendant failed to file or serve any paper in the action and has otherwise failed to respond to the complaint.

4. Pursuant to Plaintiff's request, the Clerk of the Court entered a default against Defendant on June 27, 2025. (ECF Nos. 6, 7). As such, the entry of default judgment in favor of Plaintiff and against Defendant is now proper.

5. Once default is entered, Defendant is treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id*. at 848. After the Court determines that default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery." 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2688 (4th ed. 2020) (collecting cases); *Reese v. Collection Bureau of America*, 2008 WL 162468, Case No. 06-cv-14516 (E.D. Mich. 2008). The court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty." *Vesligaj v.*

*Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted). "An evidentiary hearing is not required." *Id*. at 354.

The court will adopt by reference the factual allegations contained in Plaintiff's complaint (ECF No. 1) and take them as true. *See Ford*, 441 F. Supp. 2d at 846. Plaintiff alleges that Defendant violated the CROA, the MCSPA, and the MCPA, breached the parties' contract, and breached its fiduciary duties to Plaintiff by: (1) misrepresenting the nature of the credit repair services it would provide to Plaintiff; (2) deceptively charging and receiving money from Plaintiff for services Defendant agreed to perform before such services are fully performed; (3) failing to provide Plaintiff a copy of the required disclosures in writing under CROA, MCSPA and MCPA; and (4) failing to ensure that Plaintiff's money and payments were being properly managed at all times. (ECF No. 1). Because these allegations are taken as true, liability is established under CROA, the MSCPA, and the MCPA, along with Plaintiff's breach of contract and breach of fiduciary duty claims.

6. Plaintiff seeks and is entitled to recover actual damages in the amount of $8,513.52 pursuant to 15 U.S.C. § 1679, Mich. Comp. Laws § 445.1824(1), and Mich. Comp. Laws § 445.911(2). The amount sought in actual damages is the amount that Plaintiff paid to Defendant for its services and which

3

yielded no results.  Plaintiff also seeks and is entitled to recover costs and attorney fees in the amount of $3,245.85 pursuant to 15 U.S.C. § 1679, Mich. Comp. Laws § 445.1824(1), and Mich. Comp. Laws § 445.911(2).  (*See* ECF No. 8-1, ECF No. 9, affidavit of Alexander J. Taylor).

7. Plaintiff is thus entitled to an award of $11,759.37 in actual damages, attorney fees, and costs.

8. Plaintiff is directed to submit to the court a proposed judgment reflecting this Order within seven days.  The court will retain jurisdiction to resolve any disputes over enforcement of the default judgment.

9. The court **ORDERS** that Plaintiff's Motion for Default Judgment (ECF No. 8) is **GRANTED**.

**SO ORDERED**.

Dated: September 17, 2025         s/F. Kay Behm
                                  F. Kay Behm
                                  United States District Judge

4